UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | No. 6:11-CR-50-GFVT |
| | ) | No. 6:14-CV-7367-GFVT-REW |
| v. | ) | |
| | ) | RECOMMENDED DISPOSITION |
| JACKIE ROBERTS, | ) | |
| | ) | |
| Defendant/Movant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On August 29, 2014, Defendant/Movant, Jackie Roberts, filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.[1] DE #82 (Motion). The United States moved for a finding of waiver of the attorney client privilege, DE #86 (Motion), and, despite being afforded the opportunity to do so, Roberts did not respond. The Court subsequently granted in part the Government's motion regarding waiver of privilege, finding that Roberts waived the attorney client privilege only as to communications necessary to litigate claims of ineffective assistance of counsel. DE #88 (Order). As to motion merits, the United States responded in opposition, DE #91 (Response), and Roberts timely replied.  DE #92 (Reply).  The Court also considered supplemental authority from Roberts. DE #93 (Memorandum). Per normal practice, the District assigned the matter to the undersigned for a recommended disposition.

---

[1] The filing date reflects the prison mailbox rule.  *See Richard v. Ray*, 290 F.3d 810, 812-13 (6th Cir. 2002) (per curiam). Here, Roberts affirmed under penalty of perjury that he placed the § 2255 motion in the prison mailing system on August 29, 2014. DE #82 (Motion) at 20. Timeliness of filing is not an issue.

The Court **RECOMMENDS** that the District Court fully **DENY** § 2255 relief and issue **no** Certificate of Appealability.

## I.       Background Information

The United States, via ATF SA Todd Tremaine, filed a criminal Complaint and affidavit on July 22, 2011, charging Roberts with: distribution of hydrocodone, a Schedule III controlled substance, in violation of 21 U.S.C. § 841(a)(1), unlawfully using a controlled substance in possession of a firearm, in violation of 18 U.S.C. § 922(g)(3), unlawfully possessing a firearm following a conviction for a misdemeanor crime of domestic violence, in violation of § 922(g)(9), and for being a felon in possession, in violation of § 922(g)(1). DE #1 (Complaint). A federal grand jury indicted Defendant, and a co-Defendant, on August 4, 2011. The indictment largely tracked the complaint. Count 2 charged Roberts with knowing and intentional distribution of a quantity of pills containing hydrocodone. DE #10 (Indictment). Count 3 charged Roberts with being a felon in possession. *Id.* Count 4 charged Roberts with possessing a firearm while being an unlawful user of or addicted to a controlled substance, and count 6 charged Roberts with possessing a firearm following a conviction for a misdemeanor crime of domestic violence. *Id*. A federal jury convicted Defendant on all counts on November 10, 2011. DE #46 (Minute Entry).

Based on the convictions on counts 3, 4, and 6, Defendant faced enhanced statutory punishment as an armed career criminal (ACC), pursuant to 18 U.S.C. § 924(e). DE #18 (Notice). Roberts minimally contested the ACC enhancement at sentencing; District Judge Van Tatenhove ultimately found it to apply. DE #79 (Sent. Tr.) at 11. On April 11, 2012, Judge Van Tatenhove sentenced Roberts to 235 months of imprisonment

on count 3, and 120 months of imprisonment on counts 2, 4, and 6, all to run concurrently, for a total term of 235 months, and a total term of supervised release of 5 years. DE #56 (Minute Entry); DE ##57 (Judgment), 58 (Amended Judgment).

Defendant timely appealed to the Sixth Circuit. On appeal, Roberts attacked the sufficiency of the evidence supporting his conviction and also alleged that the Court committed reversible error when it failed to conduct a § 851 colloquy as to the prior conviction. The Sixth Circuit affirmed the conviction and wholly denied relief. DE #80 (Opinion).

Roberts filed the instant motion under § 2255 on August 29, 2014. DE #82 (Motion). The United States responded in opposition. DE #91 (Response). Roberts replied. DE #92 (Reply). Roberts fails to establish any basis for relief under § 2255. The sentencing process was proper. His lawyers acted effectively. He knew testifying was an election. The District Judge should deny the motion and issue no Certificate of Appealability.

## II.    Standard of Review

Under 28 U.S.C. § 2255, a federal prisoner may obtain post-conviction relief if a sentence violates the Constitution or federal law, the federal court lacked jurisdiction to impose such sentence, or the sentence exceeds the maximum authorized by law. 28 U.S.C. § 2255(a); *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003) ("In order to prevail upon a § 2255 motion, the movant must allege as a basis for relief: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001))).  A

defendant alleging a constitutional violation must establish "an error of constitutional magnitude" and show that the error had a "substantial and injurious effect or influence on the proceedings" in order to obtain § 2255 relief. *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). When alleging a non-constitutional error, a defendant must prove the error constituted a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 82 S. Ct. 468, 471 (1962)); *see also Watson*, 165 F.3d at 488. In making a § 2255 motion, a movant generally bears the burden of proving his or her factual assertions by a preponderance of the evidence. *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (per curiam) ("Defendants seeking to set aside their sentences pursuant to 28 U.S.C. § 2255 have the burden of sustaining their contentions by a preponderance of the evidence.").

## III. Analysis

In his § 2255 motion, Roberts premises relief requests on alleged procedural error at sentencing and ineffective assistance of both trial and appellate counsel. DE #82 (Motion). The procedural claim centers on an alleged error in the proof standard applied by the District Court in assessing a predicate ACCA conviction. Roberts defaulted this claim, which in any event has no merit.

### 1. The *Alleyne*-based arguments fail as defaulted and/or meritless.

Citing *Alleyne v. United States*, 133 S. Ct. 2151 (2013), Roberts first alleges that the Court should have determined whether a prior conviction qualified for ACC purposes

under the reasonable doubt proof standard. DE #82 (Motion) at 4. Movant contends that,

post-*Alleyne*, the Government must prove prior convictions beyond a reasonable doubt.

Roberts's argument factually hinges on a textual discrepancy in the 1981

Kentucky judgment.[2] In 1981, a Kentucky grand jury indicted Roberts for first degree

robbery. DE #82-1. Roberts stood trial, and the foreperson stated the jury's verdict as

follows:

> We, the jury, find Jackie Roberts, guilty of second degree theft and fix his
> punishment for five years in the state penitentiary; Signed: Homer Baker,
> Foreman.

*Id.* The second page of the judgment states "No sufficient case having been shown why

judgment should not be pronounced, it is ADJUDGED BY THE COURT that the

Defendant is guilty of the following charge(s). Second Degree Robbery." *Id.* (striking by

interlineation "1st Degree Robbery"). A court calendar sheet for March 5, 1981, states

"Theft in 2nd 5 yrs Final sentencing." *Id.* Roberts contends that the jury convicted him of

second degree theft, which he alleges is not a "violent felony" for ACC purposes. *See* 18

U.S.C. § 924(e)(1), (2)(B). Defendant concedes that a conviction for first or second

degree robbery does qualify as a violent felony for enhancement purposes.

Roberts nominally objected to the Presentence Investigation Report's (PIR)

calculation classifying him as an armed career criminal. *See* DE #61 at 30 (noting

objection to ACC designation). Defendant maintained his objection at sentencing, though

defense counsel conceded the issue. DE #79 (Sent. Tr.) at 6 ("My client does not agree

that he is an armed career criminal, although I've advised him that based on all of my

---

[2] The Court previously granted Roberts's motion to consider a supporting declaration and attachments as part of the decisional record. The Government does not here challenge the authenticity of the tendered documents. Accordingly, and although they are uncertified, the Court considers and accepts the documents as authentic for purposes of the analysis.

research, all of my examination of the records of several occasions, discussions with the probation office, discussions with Mr. Dotson, I am of the professional opinion, yes, he is an armed career criminal and I have advised him of that."); *see also* DE #52 (conceding ¶ 36 PIR designation). Defense counsel noted the discrepancy in the 1981 judgment but admitted that Defendant could not collaterally attack the judgment. *Id.* at 9 ("I know of no authority [permitting a defendant to go behind and contest a judgment]. In fact, all the authority's to the contrary."); *id.* ("And I'm – that's why I'm afraid we're stuck with [armed career criminal] status."). After resolving other defensive objections, the Court adopted the PIR, including the ACC enhancement. DE #79 (Sent. Tr.) at 30.

On appeal, the Sixth Circuit affirmed Defendant's conviction and sentence, including the ACC designation. The Circuit stated:

> It appears that any challenge Defendant raised to the conviction would be barred by the statute of limitations because the conviction occurred in 1981 and the Government's information was filed in 2011. *See* 21 U.S.C. § 851(e) ("No person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleged under this section which occurred more than five years before the date of the information alleging such prior conviction."); *see also United States v. Young*, 496 F. App'x 570, 579 (6th Cir. 2012) (holding defendant was barred from objecting to the inclusion of an eleven year old conviction in a § 851 information).

DE #80 (Sixth Circuit Order) at 9-10 (footnote omitted).[3]

---

[3] It is curious that the appellate court discussed the matter in the § 851 context. The enhancement at issue was under the ACCA. Though Roberts faced one drug charge, the Government did not contend that a drug recidivism enhancement applied under Title 21; only the ACCA enhancement was at issue. Thus, the § 851 mechanics did not actually apply. *See United States v. Mauldin*, 109 F.3d 1159, 1163 (6th Cir. 1997) ("ACCA does not require notice prior to enhancement."); *United States v. Currie*, 453 F. App'x 337, 338 (4th Cir. 2011) ("However, the notice requirements of § 851(a)(1) apply only to controlled substance related offenses and penalties enumerated in Part D of Title 21 of the United States Code and, thus, do not provide a cognizable basis for relief."). There is no direct notice parallel under ACCA enhancement, so any of Roberts's procedural arguments tied to that statute plainly fail.

To the extent Roberts raises a substantive *Alleyne* claim, he procedurally defaulted. Movant concedes he made no direct appeal on the issue. DE #82 (Motion) at 4. A motion for § 2255 relief does not replace a direct appeal, and Roberts does not show cause for his default or actual innocence. The alleged error must otherwise constitute "a fundamental defect which inherently results in a complete miscarriage of justice." *Grant v. United States*, 72 F.3d 503, 505 (6th Cir. 1996) (citation omitted). The record does not support a finding of this nature.

Roberts alleges that, at the time he filed a direct appeal, Circuit precedent precluded the claim. DE #82 (Motion) at 4-5 ("The issue was foreclosed by Circuit precedent at sentencing, but became applicable before the case became final on direct appeal.").  However, "[a] claim is procedurally defaulted even if it was foreclosed explicitly by existing circuit precedent at the time of the defendant's direct appeal." *Hill v. United States*, 569 Fed. App'x 646, 648 (11th Cir. 2014) (citing *McCoy v. United States*, 266 F.3d 1245, 1258-59 (11th Cir. 2001)); *Lindsey v. United States*, 615 F.3d 998 (8th Cir. 2010) ("As the Supreme Court has instructed, however, 'perceived futility alone cannot constitute cause.'" (quoting *Smith v. Murray*, 106 S. Ct. 2661, 2666 (1986))). Movant defaulted the claim. The Government, though, does not rely on this basis. Roberts fares no better on the merits.

Regardless of the default, Roberts is not entitled to relief. Contrary to Roberts's argument, *Alleyne* did not reconsider or overrule *Almendarez-Torres v. United States*, 118 S. Ct. 1219 (1998). *United States v. Nagy*, 760 F.3d 485, 488 (6th Cir. 2014) ("[*Alleyne*] therefore preserved the Court's earlier ruling in *Almendarez-Torres* that a prior conviction is not 'an element of the related crime' that must be submitted to a jury and

proven beyond a reasonable doubt." (quoting *Almendarez-Torres*)); *see also United States v. Mack*, 729 F.3d 594, 609 (6th Cir. 2013) ("Although *Almendarez-Torres* may stand on shifting sands, the case presently remains good law and we must follow it until the Supreme Court expressly overrules it."). Just in the last month, the Sixth Circuit again has confirmed that reliance on a prior conviction is (currently, at least) outside of *Alleyne*, that *Almendarez-Torres* remains binding, and that the sentencing court properly applies the preponderance standard in assessing proof of such prior conviction.[4] *United States v. Ellis*, No. 14-1412, 2015 WL 5637551, at *6 (6th Cir. Sept. 25, 2015) ("And our published decisions instruct that *Almendarez–Torres*'s carve-out remains good law until expressly overruled by the Supreme Court, foreclosing Ellis's constitutional challenge."); *see also United States v. Pritchett*, 749 F.3d 417, 434 (6th Cir.), *cert. denied sub nom.*, *Johnson v. United States*, 135 S. Ct. 196 (2014) ("Since *Almendarez–Torres*, it has been well-settled that 'a judge is permitted to find, based on the preponderance of the evidence, the fact of a prior conviction.' . . . Because *Alleyne* did not disturb the holding in *Almendarez–Torres*, Pritchett and Rollins' challenges to their sentences are denied for lack of merit.") (citations omitted).

Here, District Judge Van Tatenhove properly considered the applicability of the ACC enhancement at sentencing. *See* DE #79 (Sent. Tr.) at 4-11; *see also* DE #61 (PIR) at 10 (noting armed career criminal status). To the extent Roberts criticizes the Court (or derivatively, counsel) for the proof standard applied, his argument fails for the reasons stated. The Court properly applied the lower preponderance standard.

---

[4] The supplemental authority tendered by Roberts, DE #93, does not erode this conclusion in any way.

Ultimately, the analysis of the 1981 conviction is unassailable under that standard. The jury obviously made a lay reference to "theft" on the form. As § 2255 counsel conceded, there was and is no Theft 2d crime under Kentucky law. By 1980, Kentucky defined all manner of property misappropriation under Chapter 514. The theft by unlawful taking statute, KRS 514.030, did and does not have a denominated first and second tier. Rather, the intensity of the crime turns on the value of property taken. In 1980, the felony threshold was $100 or more. Ky. Rev. Stat. Ann. § 514.030 (Michie 1985) (codification of session law effective from January 1, 1975 to July 14, 1992). The PIR shows that the crime involved robbery of a $6 watch. DE #61 (PIR) ¶ 41. The misdemeanor value element could not, under a theft conviction, have resulted in a 5 year prison term. This plainly supports that the jury found Roberts guilty of robbery, not theft. Of course, the judge himself filled out the balance of the judgment form; he characterized the conviction as one for Robbery 2d. His word is conclusive in this context.[5] Roberts's legal and factual criticisms warrant no relief.[6]

### 2. *Strickland* gives no relief.

When asserting an ineffective assistance claim, a movant must prove both deficient performance and prejudice. *Strickland v. Washington*, 104 S. Ct. 2052, 2064 (1984); *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (noting that a movant

---

[5] Robbery 2d remains in its original form. Elementally, that felony requires at least the threat of physical force. KRS § 515.030 ("A person is guilty of robbery in the second degree when . . . he uses or threatens the immediate use of physical force upon another person with intent to accomplish the theft."). This is a quintessential violent felony. *See* 18 U.S.C. § 924(e)(2)(B) ("[T]he term 'violent felony' means any crime punishable by imprisonment for a term exceeding one year . . . that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another; . . .").

[6] Again, the PIR included four prior qualifying offenses. DE #61, n.5. The Court adopted the PIR findings. Defendant does not attack the supernumerary offense, which would supply an alternative enhancement basis.

must prove ineffective assistance by a preponderance of the evidence). In order to prove deficient performance, a movant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 104 S. Ct. at 2064. A movant meets this burden by showing "that counsel's representation fell below an objective standard of reasonableness" as measured under "prevailing professional norms" and evaluated "considering all the circumstances." *Id.* at 2064-65.  Judicial scrutiny of counsel's performance, however, is "highly deferential," consisting of a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Id.* at 2065.

Deficient performance is considered constitutionally prejudicial only when "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  *Id.* at 2064. In order to prove prejudice, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 2068. When evaluating prejudice, courts generally must take into consideration the "totality of the evidence before the judge or jury." *Id.* at 2069.

In the motion, Roberts asserts two claims of ineffective assistance of trial counsel and one claim of ineffective assistance of appellate counsel. Generally, Movant contends that trial counsel acted ineffectively in conceding the 1981 judgment for ACC purposes and in failing to advise Roberts that he had the right to remain silent at trial. Finally, Roberts alleges that appellate counsel provided ineffective assistance in failing to seek plain error review by the Sixth Circuit on his *Alleyne* claim. The record wholly precludes relief.

a. *Trial counsel had no legal basis on which to attack the 1981 conviction.*

Roberts alleges that trial counsel's concession that the 1981 conviction qualifies as a violent felony for ACC purposes amounted to ineffective assistance. DE #82 (Motion) at 8-9. Roberts's claim essentially restates his alleged procedural error claim under the guise of ineffective assistance. Per Roberts, *Alleyne* requires the Government to prove a prior conviction for ACCA purposes beyond a reasonable doubt. Thus, Movant alleges that trial counsel's concession relating to the 1981 judgment resulted in application of an improperly diluted standard. The United States defends the sentencing enhancement as appropriate, asserting further that the preponderance standard properly applied. DE #91 (Response).

 Defendant's claim is wholly without merit. As noted, *Alleyne* did not overrule *Almendarez-Torres*. Counsel correctly noted at sentencing that no platform exists to challenge, in context, an underlying enhancement conviction. DE #79 (Sent. Tr.) at 9 ("I know of no authority [permitting a defendant to attack an underlying conviction]. In fact, all the authority's to the contrary. . . . It's just not there."). *See United States v. Morris*, 230 F.3d 1361, at *9 (6th Cir. 2000) (table) ("In *Curtis v. United States*, 114 S. Ct. 1732 (1994), the United States Supreme Court held that with the sole exception of convictions obtained in violation of the right to counsel, a defendant in a federal sentencing proceeding has no right to collaterally attack the validity of previous state convictions that are used to enhance his sentence [under the Armed Career Criminal Act]."). Judge Van Tatenhove explained the situation to Roberts:

> The way our system works, and I understand it could cause some frustration, Mr. Roberts, is that we have to rely on that judgment and depend on the process at the same time when the facts are fresh and

everybody understands what's taking place to get it right. And we just don't have an ability 30 years later to go behind that to try to again, have a mini-trial as to what actually happened. We have to just assume from the face of that judgment as to what it says, so . . . .

DE #79 (Sent. Tr.) at 9.

In reply, Roberts alleges that he is not collaterally attacking the judgment itself but disputing the Government's characterization of the conviction, to wit, as second-degree robbery. DE #92 (Reply). For the reasons already stated, the characterization of the judgment was proper. Roberts concedes that such a conviction, for Robbery 2d, would qualify as a violent felony and thus application of the ACC enhancement. "Omitting meritless arguments is neither professionally unreasonable nor prejudicial." *Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2013) (citation omitted).  Trial counsel had no colorable argument, and Roberts likely had a fourth eligible offense anyway. Roberts states no viable basis for § 2255 relief.

> b.  *Roberts understood his Fifth Amendment right against self-incrimination.*

Roberts, who testified at trial, next alleges that trial counsel did not advise him of his right to remain silent.  DE #82 (Motion) at 13-14. Per Movant, "Counsel told Roberts on five or six different occasions before and during the trial that he would have to testify." *Id.* at 13. Defendant asserts that, by the time the Court warned him at trial, he had no practical choice but to testify. *Id.* Citing the on-record colloquy with the Court, the Government defends Roberts's choice to testify as knowing, voluntary, and intelligent. DE #91 (Response) at 7-10.

During trial, Judge Van Tatenhove engaged in a thorough colloquy with Roberts. DE #73 (Day 2 Trial Tr.) at 125-128.  Prior to the discussion, which the Court conducted outside the presence of the jury, the Clerk placed Roberts under oath.  *Id.* at 125.  Judge

Van Tatenhove explained the Fifth Amendment's protection against self-incrimination, noting that no one could force Roberts to testify and that, if he chose not to testify, his silence could not be used against him. *Id.* at 125-26. Roberts acknowledged having reviewed the protection and the right with his counsel. *Id.* at 126. Further, Defendant admitted having had sufficient time to discuss right waiver with counsel. *Id.* Roberts denied that anyone forced him to testify and confirmed that he made the choice of his own volition. *Id.* Finally, Roberts acknowledged that only he could make the decision whether to testify. *Id.* at 126-27. Defense counsel noted that he and his associate, Jarrod Beck, previously discussed the issue with Roberts "many times at length" and that Roberts "understands exactly what his rights are and that he understands what [the decision to testify] means." *Id.* at 128.

The record shows that Roberts's responses were voluntary and verified. *Id.* at 125-28. Solemn declarations in open court "carry a strong presumption of verity" and "constitute a formidable barrier" in subsequent collateral proceedings. *Blackledge v. Allison*, 97 S. Ct. 1621, 1629 (1977). Considering the representations that Defendant made during the colloquy, and the significance of his sworn statements, the Court can only conclude that Roberts validly waived his right against self-incrimination and chose to testify in a knowing, intelligent, and voluntary manner. Additionally, United States Magistrate Judge Ingram advised Roberts of his right to silence at arraignment. DE #17 (Arr. Tr.) at 4 ("Each of you has the right to remain silent throughout this matter; that means that you cannot be compelled to make a statement. If you begin to make a statement, you can stop speaking, but anything you say can be used against you."); *id.* at 11 ("At the trial, each of you has the privilege against self-incrimination; that means you

cannot be forced to take the stand and testify or offer other evidence against yourselves."). Defendant acknowledged his understanding. *Id.* at 11. Roberts's posture is patently incredible given the state of the record and his prior sworn contrary position. The docket inarguably shows that Roberts was well aware that nothing could require his testimony and that any decision to testify was solely at his own election. As to the issue, counsel was not ineffective.[7]

       *c. Appellate counsel did not act ineffectively when he did not seek plain error review of* Alleyne *on Roberts's case.*

Roberts finally alleges that appellate counsel provided ineffective assistance when he did not seek plain error review of *Alleyne* by the Sixth Circuit. DE #82 (Motion) at 15. Specifically, Defendant contends that appellate counsel should have sought plain error review as to *Alleyne* and the District Judge's failure to conduct a § 851 colloquy. *Id.*

On direct appeal, the Sixth Circuit expressly held that the failure to conduct a § 851 colloquy "did not affect Defendant's substantial rights." DE #80 (Sixth Circuit Decision) at 9. Again, as discussed at length already, the Sixth Circuit continues to confirm that *Alleyne* did not modify *Almendarez-Torres*. *Ellis*, 2015 WL 5637551, at \*6. Thus, any effort to seek plain error review, premised upon *Alleyne* and the § 851 colloquy, would have been futile.[8] *See United States v. Turek*, 563 Fed. App'x 469, 471 (6th Cir. 2014) ("To withstand plain-error review, the litigant must show (1) error, (2) that is plain, and (3) that affect[s] substantial rights and that (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." (quoting *United*

---

[7] Roberts ignores the prejudice prong here, but so does the Court given its performance prong analysis.
[8] Again, the § 851 mechanics do not apply to § 924(e). *See supra* note 3.

*States v. Brock*, 501 F.3d 762, 773 (6th Cir. 2007) (internal quotation marks omitted))).

Movant merits no § 2255 relief.[9]

### III.     Certificate of Appealability

A Certificate of Appealability may issue where a movant has made a "substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). This standard requires a movant to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000); *Miller-El v. Cockrell*, 123 S. Ct. 1029, 1039-40 (2003) (discussing development of standard). The reviewing court must indicate which specific issues satisfy the "substantial showing" requirement. *See* 28 U.S.C. § 2253(c)(3); *Bradley v. Birkett*, 156 F. App'x 771, 774 (6th Cir. 2005) (noting requirement of "individualized assessment of . . . claims") (citing *Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001)). For dismissals on procedural grounds, as to when a Certificate of Appealability should issue, the movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 120 S. Ct. at 1604.

Defendant has not made a "substantial showing" as to any claimed denial of rights; his *Strickland* claims conclusively fail. *Alleyne* does not modify the enhancement

---

[9] 28 U.S.C. § 2255(b) requires the Court to hold an evidentiary hearing unless "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Further, "no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)). Here, none of Roberts's claims warrants a hearing; the files and records of the case conclusively show, for the reasons stated fully above, that Roberts is not entitled to relief. The critical analysis here is legal, not factual, and no empirical dispute calls for a hearing.

process followed properly by the District Judge. Accordingly, the Court recommends that the District Court entirely deny a Certificate of Appealability.

## IV.     Recommendation

For the reasons discussed above, the Court **RECOMMENDS** that the District Judge wholly **DENY** § 2255 relief (DE #82) and grant **no** Certificate of Appealability.

\*   \*   \*   \*   \*

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 8(b).  Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and usually does, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981); *Thomas v. Arn*, 106 S. Ct. 466 (1985).

This the 14th day of October, 2015.

Signed By:

*Robert E. Wier*

United States Magistrate Judge

16