UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA,              )<br>                                                          )<br>           Plaintiff/Respondent,         )<br>                                                          )<br>V.                                                       )<br>                                                          )<br>JACKIE ROBERTS,                              )<br>                                                          )<br>           Defendant/Movant.            )<br>                                                          ) | No. 6:11-cr-50-GFVT<br>No. 6:14-cv-7367-GFVT-REW<br><br>**MEMORANDUM OPINION**<br>**&**<br>**ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Defendant Jackie Roberts's *pro se* petition to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [R. 82.] Consistent with local practice, this matter was referred to Magistrate Judge Robert E. Wier, who filed a Recommended Disposition recommending that Roberts's motion be denied. [R. 94.]

Under Federal Rule of Civil Procedure 72(b)(2), a petitioner has fourteen days after service to register any objections to the report and recommendation or else waive his rights to appeal. In order to receive *de novo* review by this Court, any objection to the recommendation must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007). A general objection that fails to identify specific factual or legal issues from the Recommendation, however, is not permitted, since it duplicates the Magistrate's efforts and wastes judicial economy. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Roberts filed timely objections to the Recommended Disposition. [*See* R. 96; R. 97.] In his objections, Roberts fails to address the Magistrate's recommendation regarding his ineffective assistance of counsel claim based on his attorney's alleged failure to advise on the right to remain silent at trial. [*See* R. 97.] Even under the lenient standard applied to *pro se* defendants, this failure to respond does not trigger the Court's requirement to conduct a *de novo* review of that claim. *See, e.g., Mira*, 806 F.2d at 637 ("The parties have 'the duty to pinpoint those portions of the magistrate's report that the district court must specially consider.'") (citing *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982)). By contrast, however, Roberts offered specific objections to the Recommended Disposition with regard to his other ineffective assistance of counsel claims and his claim for alleged procedural error at sentencing. These objections are sufficiently specific under the above criteria and do trigger the Court's obligation to conduct a *de novo review* of the related claims. *See* U.S.C. § 636(b)(1)(C). The Court has satisfied that duty, reviewing the entire record, including the pleadings, the parties' arguments, relevant case law and statutory authority, and applicable procedural rules. For the following reasons, Roberts's objections will be OVERRULED and his motion for habeas relief will be DENIED.

**I**

The criminal case giving rise to the Defendant's claims began when the United States filed a criminal complaint and affidavit against him on July 22, 2011. The complaint charged Roberts with the unlawful distribution of hydrocodone, in violation of 21 U.S.C. § 841(a)(1); unlawfully using a controlled substance in possession of a firearm, in violation of 18 U.S.C. § 922(g)(3); unlawfully possessing a firearm following a conviction for a misdemeanor crime of domestic violence, in violation of § 922(g)(9); and being a felon in possession of a firearm, in

violation of § 922(g)(1).  [R. 1.]  A federal grand jury indicted Roberts and a co-Defendant on August 4, 2011, and the Indictment largely tracked the counts in the complaint.[1]  [*See* R. 10.]  On November 10, 2011, Roberts was convicted by a federal jury on all counts.  [*See* R. 46.]

Following the jury trial, the Court sentenced Roberts to 235 months of imprisonment on count 3 of the Indictment, and 120 months of imprisonment on counts 2, 4, and 6, all to run concurrently, for a total term of 235 months, followed by five years of supervised release.  [R. 56; R. 57; R. 58.]  The Court found the armed career criminal enhancement applied to Defendant Roberts pursuant to 18 U.S.C. § 924(e) and his convictions on counts 3, 4, and 6.  [R. 79 at 11.]  Roberts timely appealed his conviction and sentence to the Sixth Circuit.  On appeal, the Sixth Circuit affirmed Roberts's conviction and wholly denied him relief.  [R. 80.]  Roberts then filed the instant § 2255 motion, alleging procedural error at sentencing and multiple claims of ineffective assistance of counsel.  [R. 82.]

**II**

Defendant Roberts's habeas petition is concerned in great part with his designation as an armed career criminal at sentencing.  Because Roberts had three or more prior convictions for either a "violent felony" and/or "serious drug offense" that were committed on occasions different from one another, the Court found Roberts subject to enhanced statutory punishment pursuant to 18 U.S.C. § 924(e) and Section 4B1.4 of the United States Sentencing Guidelines.  [*See* R. 18; R. 79 at 11.]  Roberts vigorously contends the armed career criminal ("ACC") enhancement was inappropriately applied to his case.

---

[1] Count 3 charged Roberts with being a felon in possession of a firearm.  Count 4 charged Roberts with possessing a firearm while being an unlawful user of or addicted to a controlled substance.  Count 6 charged Roberts with possessing a firearm following a conviction for a misdemeanor crime of domestic violence.  [R. 10.]

3

In support of the ACC enhancement, the Government presented evidence of three former convictions:

> 1.  On March 5, 1981, the Defendant was convicted in Clay County Circuit Court in Case #80-cr-00098, of Robbery, 1st Degree;
>
> 2.  On September 24, 1985, the Defendant was convicted in Clay County Circuit Court in Case #85-cr-00111, of Assault, 1st Degree;
>
> 3.  On July 27, 1988, the Defendant was convicted in Clay County Circuit Court in Case #88-cr-00053, of Robbery, 1st Degree.

[*See* R. 18.]  Textual discrepancies surrounding the March 1981 Judgment form the basis for Roberts's arguments against the ACC designation.[2]  [*See* R. 82-1 at 4-7.]  The language of the Judgment indicates Roberts was indicted for first degree robbery; however, the jury verdict reads that Jackie Roberts was found "guilty of second degree theft."  [*Id.*]  The second page of the Judgment states Roberts was found guilty of "second degree robbery," with "1st Degree Robbery" struck by interlineation.  [*Id.*]  Further, a March 5, 1981, court calendar indicates Roberts was convicted of "Theft in 2nd 5 yrs Final Sentencing."  [*Id.*]  Roberts maintains he was convicted of second degree theft—an offense that does not qualify as a "violent felony" for ACC purposes—rather than first or second degree robbery.  *See* 18 U.S.C. § 924(e)(1), (2)(B).  At sentencing, however, his attorney disagreed, and the Court applied the ACC enhancement.

Judge Wier determined that Roberts's arguments for error at sentencing fail due to procedural default and on the merits.  [R. 94 at 7-8.]  He explains that Roberts made no direct appeal on the ACC issue and that the Court properly found, by a preponderance of the evidence, that the 1981 conviction supported ACC designation.  [*Id.*]  Because ACC designation was appropriate, Judge Wier found Roberts's trial counsel was not ineffective for failing to object, as

---

[2] Magistrate Judge Wier granted Defendant Roberts's request to include this document, as well as the others attached to his § 2255 petition, as part of the decisional record.  [*See* R. 85.]

attorneys need not assert meritless arguments. [*Id.* at 12, citing *Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2013).]

Roberts objects to Judge Wier's recommendation on largely the same grounds stated in his initial § 2255 petition. He continues to reiterate his view that the 1981 conviction was for theft rather than robbery, and he argues his trial counsel effectively abandoned him by conceding to the Court that counsel thought the ACC designation should apply. [*See* R. 79 at 6.] Roberts also specifically takes issue with Judge Wier's statement that he "nominally objected" to the ACC classification at sentencing. [*See* R. 94 at 5.] Roberts maintains he "objected as vigorously as he could" and alleges his attorney "did not put the Government to its burden to explain the ambiguous record." [R. 97 at 2.]

As Judge Wier already articulated, the Court and Mr. Roberts's counsel appropriately applied a preponderance of the evidence standard of proof when determining whether Roberts qualified for the ACC enhancement. At this time, *Almendarez-Torres v. United States*, 118 S. Ct. 1219 (1998), remains binding law, and that case clearly allows a judge to find the fact of a prior conviction based on the preponderance of the evidence. *See, e.g., United States v. Pritchett,* 749 F.3d 417, 434 (6th Cir. 2014) (indicating *Alleyne v. United States* did not disturb the holding in *Almendarez-Torres* and explaining that "[s]ince *Almendarez-Torres*, it has been well-settled that 'a judge is permitted to find, based on the preponderance of the evidence, the fact of a prior conviction.'").

The Court did not err in determining Roberts should be sentenced as an armed career criminal. The record—particularly the Court's extensive discussion of the issue with defense counsel and the Government during the sentencing proceeding [*see* R. 79 at 6-10]—indicates that sufficient evidence existed to find by a preponderance of the evidence that the 1981 conviction

5

was a qualifying offense.  Accordingly, Roberts's trial counsel was not ineffective for failing to object at sentencing, and his appellate counsel was not ineffective for failing to present the issue on appeal.  *See Strickland v. Washington*, 104 S. Ct. 2052, 2064 (1984) (explaining a movant must demonstrate "counsel's representation fell below an objective standard of reasonableness"); *Coley*, 706 F.3d at 752 ("Omitting meritless arguments is neither professionally unreasonable nor prejudicial.").

In addition to Roberts's objections regarding the application of the ACC designation and his trial and appellate counsel's treatment of the issue, Roberts objects to Judge Wier's recommendation that the Court deny a certificate of appealability.  [*See* R. 97 at 3-4.]  He argues reasonable jurists could, in fact, differ in their interpretation of his 1981 conviction and takes issue with the Court's "speculation as to why ambiguities in the records exist and the possibility that other qualifying convictions may be available."  [*Id.* at 4.]  He also contends the state of the law surrounding *Alleyne v. United States*, 133 S. Ct. 2151 (2013), and its effect on the preponderance of the evidence standard set forth in *Almendarez-Torres* is uncertain.  [*Id.*]

Under Rule 11 of the Federal Rules Governing § 2255 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant . . . ."  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  As set forth by the United States Supreme Court, this standard requires the petitioner to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  Under this standard, the Court believes that this opinion, which ultimately adopts and incorporates by reference the Magistrate Judge's recommendation, is not debatable

enough to issue a certificate of appealability. Case law clearly instructs that a district judge may determine a prior conviction by a preponderance of the evidence, and whether or not that rule changes in the future does not change its applicability to Mr. Roberts's § 2255 petition right now.

### III

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Defendant/Movant Jackie Roberts's objections to the Recommended Disposition [R. 97] are **OVERRULED**;

2. The Magistrate Judge's Recommended Disposition [R. 94] is **ADOPTED** as and for the opinion of this Court;

3. The Defendant's § 2255 petition [R. 82] is **DISMISSED WITH PREJUDICE**;

4. A Certificate of Appealability is **DENIED** as to all issues raised by the Defendant; and

5. **JUDGMENT** in favor of the Respondent will be entered contemporaneously herewith.

This the 28th day of April, 2016.

Gregory F. Van Tatenhove
United States District Judge